EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Juan Carlos Simons y otros<br><br>Recurridos<br><br>v.<br><br>Leaf Petroleum Corp. y otros<br><br>Peticionarios | 2022 TSPR 44<br><br>208 DPR ____ |

Número del Caso: CC-2020-99

Fecha: 13 de abril de 2022

Tribunal de Apelaciones:

    Panel XI

Abogados de la parte peticionaria:

    Lcdo. José J. Gueits Ortiz
    Lcda. Paola M. Martínez Avilés

Abogados de la parte recurrida:

    Lcdo. Joaquín Nieves Marrero
    Lcdo. Francis Daniel Nina Estrella

Materia: Derecho Procesal Civil – Una moción para asumir la representación legal constituye un aviso al tribunal y a las partes de un pleito de que un abogado se apresta a comparecer a nombre de una parte y, salvo circunstancias excepcionales que lo impidan, un foro adjudicativo no posee discreción judicial para sin más denegar una moción para asumir la representación legal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan Carlos Simons y otros

    Recurridos

       v.                     CC-2020-99      Certiorari

Leaf Petroleum Corp. y otros

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 13 de abril de 2022.

En esta ocasión tenemos la oportunidad de contestar la siguiente interrogante: ¿Tiene el tribunal discreción judicial para denegar una moción asumiendo representación legal de un letrado que promovió una moción en reconsideración a nombre de una parte que estaba representada por otro abogado?

En aras de salvaguardar el derecho que posee una parte de contratar al abogado (o a los abogados) que considere conveniente, salvo que el tribunal conozca circunstancias extraordinarias que impidan que un letrado comparezca a nombre de un cliente, resolvemos que un foro adjudicativo no posee discreción judicial para **_sin más_** denegar una moción para asumir la representación legal. En atención a que esta solicitud

realmente constituye un aviso a la corte y a las partes del pleito de que un nuevo abogado se apresta a comparecer a nombre de una parte, el tribunal podrá extender un término a la parte contraria para que se exprese en torno a la nueva comparecencia profesional o -en caso de que conste otro abogado que figure por la parte- unir al nuevo letrado a la representación legal existente. Veamos los hechos que originaron la presente controversia.

I

El Sr. Juan Carlos Simons Burgos, la Sra. Michelle Díaz Piñero y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Simons-Díaz) presentaron una *Demanda* sobre desahucio ordinario contra Leaf Petroleum, Corp. (Leaf). Luego de celebrado el juicio, el **10 de enero de 2019** el Tribunal de Primera Instancia notificó una *Sentencia* a favor del matrimonio Simons-Díaz. El **25 de enero de 2019** el Lcdo. José J. Gueits Ortiz presentó dos mociones: por un lado solicitó asumir la representación legal de Leaf y, por el otro, peticionó la reconsideración de la *Sentencia*.

El **31 de enero de 2019** el matrimonio Simons-Díaz presentó una *Moción en oposición a la solicitud de reconsideración* para alegar que el licenciado Gueits Ortiz era una persona ajena al caso y que nunca participó ni realizó gestión alguna en el litigio. Asimismo, adujo que desconocía que el licenciado Gueits Ortiz solicitó unirse como abogado del peticionario ni que el Lcdo. Carlos Montañez Alvarado (licenciado Montañez Alvarado) hubiese renunciado a la

representación legal de Leaf. A su vez, expuso que el tribunal de instancia no había autorizado o reconocido la participación del licenciado Gueits Ortiz en el caso y que el licenciado Montañez Alvarado era el único con *standing* para presentar la moción de reconsideración a nombre de Leaf. Con estos argumentos solicitó que el tribunal tomara como no puesta la *Moción de reconsideración* presentada por Leaf por conducto del licenciado Gueits Ortiz.

El 1 de marzo de 2019, el foro de instancia emitió tres órdenes, pero las notificó en fechas distintas. Para el **7 de marzo de 2019** notificó la orden resolviendo la *Moción de reconsideración* en la cual expresó: "VEASE ORDEN DE HOY 1RO DE MARZO DE 2019".[1] Entretanto, la otra orden notificada en esa fecha declaró "Con Lugar" la *Moción en oposición a solicitud de reconsideración* que presentó el matrimonio Simons-Díaz el 31 de enero de 2019.[2] Finalmente, en cuanto a la *Moción asumiendo representación legal*, el **11 de marzo de 2019** el tribunal notificó la siguiente orden: "NO HA LUGAR. DEL EXPEDIENTE SURGE QUE EL ABOGADO DE RECORD ES EL LCDO. CARLOS MONTAÑEZ".[3]

En desacuerdo, el **8 de abril de 2019** Leaf presentó una *Apelación* ante el Tribunal de Apelaciones para impugnar la *Sentencia* emitida por el foro de instancia.[4] No obstante, el

---

[1] *Petición de certiorari*, Apéndice, pág. 25.

[2] *Alegato en oposición a petición de cetiorari*, Apéndice, pág. 10.

[3] *Petición de certiorari*, Apéndice, pág. 26.

[4] Destacamos que los treinta días para presentar la *Apelación* ante el Tribunal de Apelaciones se cumplían el sábado, 6 de abril de 2019.

foro apelativo intermedio desestimó el recurso por la presentación tardía de la *Apelación*. Según esgrimió, la *Moción de reconsideración* que presentó Leaf no interrumpió el término para acudir en alzada y, según calculó y concluyó, el último día para presentar la *Apelación* era el 11 de febrero de 2019.[5] El foro apelativo intermedio analizó el trámite del caso y la controversia jurisdiccional suscitada de la manera siguiente:

> La Sentencia del TPI fue notificada el 10 de enero de 2019. El apelante, presentó moción de reconsideración, más, sin embargo, la misma fue rechazada de plano el 1 de marzo de 2019, notificada el 7 de marzo de 2019. En la Orden emitida, el tribunal ni siquiera tomó en consideración la moción de reconsideración presentada por el licenciado Gueits, sino que remite a las partes a la Orden denegando el cambio de representación legal. El proceder del TPI provocó que el término de 30 días —que concede nuestro estado de derecho para recurrir en apelación ante el foro apelativo— no se viera interrumpido. Regla 47 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. III R. 47. Por lo tanto, el referido término continuó computándose desde el 10 de enero de 2019, siendo así el 11 de febrero del corriente era el último día para presentar el referido recurso. No obstante, el apelante compareció ante nos el 8 de abril de este año, esto es 55 días después de notificada la Sentencia recurrida. Más aún, el recurso fue presentado por el mismo abogado al cual el TPI denegó su intervención en el caso. En su escrito, la parte apelante no solicitó considerar el hecho de que al momento de radicar la apelación el TPI no había reconocido a la nueva representación legal. Este no presentó como error la denegatoria del TPI a su petición, por consiguiente, advino final y firme.[6]

---

[5] Advertimos que el cálculo de treinta días contemplado por el foro apelativo intermedio concluía el sábado, 9 de febrero de 2019.

[6] *Sentencia del Tribunal de Apelaciones*, *Petición de certiorari*, Apéndice pág. 8. (Escolio omitido).

En desacuerdo, el peticionario acudió ante esta Curia y expuso que el foro apelativo intermedio erró al desestimar el recurso por falta de jurisdicción toda vez que la *Moción de reconsideración* se presentó oportunamente e interrumpió el término para apelar.

Evaluados los alegatos de las partes, nos encontramos listos para resolver.

## II

### A. Moción de reconsideración

La moción de reconsideración es uno de los actos determinados que, para que surta efectividad, demanda el cumplimiento con los requisitos que postula la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V. (Regla 47).

La Regla 47 establece lo siguiente:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.

> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

> La moción de reconsideración que no cumpla con las especificidades de esta regla será

> declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.[7]

La Regla 47 es una herramienta que permite que el foro adjudicativo enmiende o corrija los errores incurridos al dictar una sentencia, resolución u orden,[8] la presentación de la moción de reconsideración repercute en la interrupción automática del término para invocar el socorro de un foro revisor. A tenor con la norma procesal, la parte promovente de la solicitud de reconsideración tendrá el término de quince días contado desde la fecha en que el tribunal archive en autos copia de la notificación de la sentencia, resolución u orden. Cuando el dictamen es una sentencia, el término es jurisdiccional y si son resoluciones u órdenes, el plazo es de cumplimiento estricto.[9]

Además de la importancia de que la moción se presente ante el tribunal y se notifique a las partes de manera

---

[7] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V (Regla 47).

[8] Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 731 (2016).

[9] Morales y otros v. The Sheraton Corp., 191 DPR 1, 7 (2014).

oportuna,[10] hemos expresado que "la especificidad es el criterio rector que debe evaluarse al momento de determinar si una moción de reconsideración interrumpió el término para apelar o acudir en revisión".[11] Como es conocido, para saber si la moción interrumpió el término para ir en alzada, el tribunal tiene que examinar si el promovente cumplió con los requisitos de la norma procesal. Es decir, una vez que el foro adjudicativo evalúe que la presentación y la notificación fue oportuna, resta que examine la particularidad y especificidad de los hechos y el derecho que el promovente entiende que el tribunal debe reconsiderar.[12]

Tal como revelamos en <u>Morales y otros v. The Sheraton Corp.</u>, 191 DPR 1, 8 (2014), el efecto de interrupción automática de la moción de reconsideración siempre está sujeto a los requerimientos de la Regla 47. Cuando atendimos este particular, explicamos que no existen razones de orden público para imponerle una rigurosidad desmedida a los requisitos de la Regla 47 que puedan afectar el derecho de apelación.[13] Lo

---

[10] El término para que el promovente notifique la moción de reconsideración es de cumplimiento estricto y según la Regla 47 este trámite debe realizarse dentro del plazo para presentar la solicitud. De manera que, en caso de incumplimiento, se deberá acreditar la justa causa para la notificación tardía. <u>Rivera Marcucci v. Suiza Dairy</u>, 196 DPR 157, 165 (2016).

[11] <u>Morales y otros v. The Sheraton Corp.</u>, *supra*, pág. 12.

[12] La Regla 47 es clara en cuanto a la particularidad y especificidad que se debe aludir con relación a "los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales".

[13] <u>Morales y otros v. The Sheraton Corp.</u>, *supra*, pág. 9; J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1366.

que implica que, "salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la [Regla 47]".[14]

Al amparo del análisis de *Morales*, una moción de reconsideración oportuna y fundamentada puede resultar denegada porque el foro adjudicativo quedó convencido del dictamen que emitió o que los argumentos que el promovente esgrimió en la solicitud no lograron persuadirlo para cambiar el fallo. Sin embargo, independientemente de que el promovente no logre que el tribunal reconsidere, la solicitud interrumpe automáticamente el plazo para acudir en alzada y éste vuelve a transcurrir una vez se archive en autos copia de la notificación de la resolución que resolvió la moción de reconsideración.[15]

Por último, la notificación de esa resolución imparte certeza a las partes del inicio del término para instar un recurso ante un foro de mayor jerarquía.[16] Cimentado en ello, los tribunales debemos procurar que el derecho de revisión esté libre de tropiezos y confusiones a la parte que interese recurrir en alzada y, como es la costumbre de esta Curia,

---

[14] Íd., págs. 8-9 (*Cuevas Segarra*, op. cit. pág. 1366).

[15] Íd., pág. 8; Plan Salud Unión v. Seaboard Sur. Co., 182 DPR 714, 719 (2011); Insular Highway v. A.I.I. Co., 174 DPR 793, 805 (2008); Lagares v. E.L.A., 144 DPR 601, 613 (1997). La Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V, atiende lo relacionado con los términos para presentar una apelación o *certiorari* ante el Tribunal de Apelaciones y la interrupción de dichos términos a partir de una moción de reconsideración o una moción de determinaciones de hechos o conclusiones de derecho adicionales.

[16] Torres Alvarado v. Madera Atiles, 202 DPR 495, 502 (2019); Morales y otros v. The Sheraton Corp., *supra*, pág. 8. Véase Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V (2021).

resulta la mejor práctica que realicemos la determinación con respecto a la moción de reconsideración -como solicitud principal- en vez de la oposición a la moción.[17] Esto, por ser esta última una petición auxiliar. Actuar de esa manera, además de responder al sentido de lógica y orden que establece que lo auxiliar debe seguir a lo principal y no viceversa, es parte del principio cardinal concebido en la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, (Regla 1), de promover la solución justa, rápida y económica de las causas de acción en todas las etapas.

B. <u>Regla 9.2 de Procedimiento Civil</u>

La Regla 9.2 de Procedimiento Civil, 32 LPRA Ap. V, establece el trámite que debe seguir el abogado para asumir o renunciar como representante legal de una parte en un pleito.[18]

> El abogado o abogada que asuma la representación profesional de una parte en un procedimiento pendiente ante el tribunal, deberá presentar una moción a esos efectos, en la cual incluirá su número de abogado(a) ante el Tribunal Supremo de Puerto Rico, número de teléfono, número de fax, y dirección postal y dirección electrónica.
>
> Cuando un abogado o abogada que haya comparecido ante un tribunal en representación de un(a) cliente(a) solicite renunciar a esa representación, deberá presentar una moción por escrito a tal efecto. El abogado o abogada expondrá las razones por las cuales debe

---

[17] Como atinadamente el Tribunal Federal para el Distrito de Puerto Rico explicó en <u>Díaz-Buxo v. Trías Monge</u>, 451 F. Supp. 552, 555 (1978) "The sacramental connotations of the phrase 'no ha lugar' as an administrative disposition of a case are proper in the context of a writ of certiorari. […] However, 'no ha lugar' in the context of a motion for reconsideration is clearly a consideration of the merits of said motion. Although there is no discussion on the definition of a 'no ha lugar' related to motions for reconsideration in Puerto Rico case law, the common practices of the Puerto Rican Supreme Court so dictates. Thus, 'no ha lugar' to a motion for reconsideration is no different from a 'reconsideration denied'."

[18] *Cuevas Segarra*, op. cit., pág. 480.

permitirse su renuncia e informará el número de teléfono y la dirección postal de quien represente. Hará constar, además, que ha notificado la renuncia a su cliente(a) y que ha cumplido con las exigencias de los cánones del Código de Ética Profesional. El tribunal tendrá facultad para rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente el procedimiento.

El origen de esta norma procesal emana del inciso (b) de la Regla 9 acogida en el *Informe de Reglas de Procedimiento Civil, Propuesta del Comité Asesor Permanente de Reglas de Procedimiento Civil a la Decimonovena Sesión Plenaria de la Conferencia Judicial de Puerto Rico*, febrero de 1996 (Informe de 1996).[19] En cuanto a la dimisión del abogado, el Informe de 1996 expuso que, además del proceso para renunciar a la representación legal establecido en la entonces Regla 12.3 de

---

[19] El orden de la regla propuesta estaba invertido, a saber: el primer párrafo disponía el trámite para la renuncia a la representación legal y el segundo era acerca del contenido que un abogado debía exponer en una moción asumiendo representación legal. El inciso (b) de la Regla 9 acogida en el *Informe de Reglas de Procedimiento Civil, Propuesta del Comité Asesor Permanente de Reglas de Procedimiento Civil a la Decimonovena Sesión Plenaria de la Conferencia Judicial de Puerto Rico,* febrero de 1996, págs. 50-51, (Informe de 1996) disponía lo siguiente:

> (b) Cuando un abogado que haya comparecido ante un tribunal en representación de un cliente solicite renunciar a la representación legal de éste, deberá presentar una moción por escrito a tal efecto. El abogado expondrá brevemente las razones por las cuales debe permitirse su renuncia, e informará el número de teléfono y la dirección de su representado. Hará constar, además, que ha notificado la renuncia a su cliente y que ha dado cumplimiento a las exigencias de los cánones de Ética Profesional. El tribunal tendrá facultad para rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente el procedimiento.

> El abogado que asuma la representación profesional de una parte en un procedimiento pendiente ante el tribunal[] deberá presentar una moción a esos efectos, en la cual incluirá su dirección, teléfono y número de colegiado.

las *Reglas de Administración del Tribunal de Primera Instancia* (Reglamento del TPI), era necesario incluir el trámite en las Reglas de Procedimiento Civil.[20]

Por otro lado, desde ese informe se aclaraba que la gestión para asumir la representación legal estaba dirigida para el abogado que, luego de presentada la causa de acción, asumiera la representación legal de una parte que haya comparecido por derecho propio o representado por otro letrado en el pleito.[21] De esta manera era innecesaria la presentación de una moción a esos efectos separada de la primera alegación.

Este marco de referencia lo adoptamos en la propuesta de las Reglas de Procedimiento Civil en el 2008 y, amparados en ese análisis, recomendamos un lenguaje casi idéntico.[22] En cuanto a su alcance, especificamos que mediante la Regla 9.2 "se estableció el procedimiento que debe seguir todo abogado en los casos en los que desea asumir la representación profesional de una parte **o** cuando desea dar por terminada la representación profesional de un cliente".[23] Sin embargo, a pesar del propósito esbozado, la Legislatura excluyó el párrafo relacionado al trámite de la renuncia cuando aprobó el cuerpo de normas procesales mediante la Ley Núm. 220-2009. Posteriormente, a través de la Ley Núm. 98-2010, el legislador enmendó las Reglas de Procedimiento Civil para reincorporar

---

[20] Informe de 1996, pág. 53.

[21] Id., págs. 53-54.

[22] Informe de 2008, pág. 120.

[23] Íd. (Énfasis suplido).

el contenido eliminado ateniente a la renuncia, entre otros asuntos. La referida reincorporación nunca afectó el trámite para renunciar, toda vez que para dimitir el abogado tenía que cumplir con el Reglamento del TPI y con el Canon 20 de Código de Ética Profesional, 4 LPRA Ap. IX, (Canon 20).

Claramente, el origen e historial legislativo de la Regla 9.2 atiende dos aspectos distintos. Por un lado, el primer párrafo indica el contenido que debe exponer una moción asumiendo representación legal para que un letrado comparezca a nombre de una parte y el segundo regula el proceso para que un abogado de récord pueda renunciar a la representación legal. Es incuestionable que ambos párrafos están relacionados con la representación profesional y que la distinción figura en la manera en que la Regla 9.2 atiende la entrada y la salida de un abogado en un litigio. Debido a la controversia que nos atañe, discutiremos, en primer lugar, la renuncia a la representación legal.

La renuncia supone que, previamente, el abogado de una parte presentó la primera alegación o que, iniciado el litigio, compareció por medio de una moción para asumir la representación legal. A su vez, mencionamos que este trámite de renuncia proviene del Reglamento del TPI. En específico, la Regla 19 del precitado cuerpo reglamentario dispone lo siguiente:

> (a) Cuando un abogado o una abogada que haya comparecido ante un tribunal en representación de un cliente o de una clienta desee renunciar a dicha representación, deberá incluir en la solicitud que presente a esos fines las últimas direcciones residenciales y postales, tanto

suyas como de la parte representada, y los números de teléfono correspondientes a cada cual; consignará que ha notificado a su cliente o a su clienta de su intención de renunciar a su representación; y dará cumplimiento a todo lo requerido por el Canon 20 [del Código de Ética Profesional, 4 LPRA Ap. IX].

(b) El Secretario o la Secretaría notificará la resolución del tribunal de aceptación de renuncia a las direcciones que sean suministradas por el abogado o la abogada y eliminará el nombre y la dirección del abogado o de la abogada renunciante del registro automatizado del caso.[24]

Además, para que un abogado pueda renunciar y el tribunal de instancia lo avale tiene que cumplir con el Canon 20. Se logra este cometido si, antes de renunciar, el abogado procuró evitar el perjuicio de los derechos de su cliente al: 1) notificarle al cliente de la intención de renunciar; 2) aconsejarle, de ser preciso, con respecto a la necesidad de una nueva representación legal; 3) concederle tiempo para conseguir una nueva representación legal; 4) advertirle las fechas de vencimiento de cualquier término de ley que pueda afectar su causa de acción o para la presentación de cualquier escrito que le favorezca.[25]

De manera que, de una lectura al segundo párrafo de la Regla 9.2 de Procedimiento Civil, la Regla 19 del Reglamento del TPI y del mandato del Canon 20, surge que para que un abogado dimita la representación legal tiene que: 1) presentar una moción por escrito; 2) exponer las razones por las cuales el tribunal debe autorizar su renuncia; 3) informar el

---

[24] 4 LPRA Ap. II-B.

[25] Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX (Canon 20).

teléfono y la dirección residencial y postal actualizada de su representado; 4) hacer constar en la moción que notificó al cliente de la intención de renunciar; y que 5) cumplió con las exigencias señaladas del Canon 20.

Ahora bien, de acuerdo con la Regla 9.2, aunque el abogado cumpla con las disposiciones legales correspondientes, si la petición de renuncia tiene el efecto de lesionar seriamente los derechos de una parte o retrasar de manera indebida el litigio, el tribunal tiene la discreción de rechazar la solicitud. Acerca de la forma en que un tribunal debe atender y adjudicar una moción de renuncia, en Blanco Matos v. Colón Mulero, 200 DPR 398 (2018), atinadamente expresamos que:

> [C]uando el foro de instancia atiende una Moción de Renuncia de Representación Legal, los intereses realmente en juego son los del cliente del abogado que solicitó la renuncia. El cliente es la parte en el pleito. De autorizarse la renuncia de su abogado, el cliente es quien corre el riesgo de no poder probar su reclamación o de no poder defenderse adecuadamente de una reclamación que pese en su contra. El riesgo al que se expone el cliente ante la renuncia de su abogado es directamente proporcional a la complejidad del caso y a la etapa procesal en la que se encuentre. Es decir, mientras más complejo sea y más adelantado esté el proceso judicial mayor será el riesgo que correrá el cliente de sufrir algún perjuicio ante la renuncia de su abogado. […].

> Al adjudicar una Moción de Renuncia de Representación Legal, el rol principal del foro primario debe ser: (1) evaluar si concederla causará disloques significativos en la tramitación del caso para evitar, de esta manera, dilaciones inapropiadas en los procesos judiciales por renuncias inoportunas y (2) garantizar la asistencia de un abogado cuando conceder la renuncia pudiera afectar adversamente a una parte. […] Por lo tanto, en

el contexto de una solicitud de renuncia, lo
fundamental es salvaguardar los derechos
sustantivos del cliente y promover la celeridad
y economía en los procesos judiciales.[26]

Si después de todo la renuncia no afecta los derechos de la parte, entonces el tribunal deberá permitir que el abogado dimita de la representación profesional. Sin embargo, hasta que el tribunal no releve formalmente de representar a una parte, el abogado tiene el deber de continuar la gestión profesional de forma competente y diligente.[27]

En cuanto a la moción para asumir la representación legal, la Regla 9.2 instruye al letrado sobre la información que ésta debe contener. Es decir, como toda moción, además de cumplir con las formalidades de las Reglas de Procedimiento Civil aplicables[28] y exponer que comparece por la parte que lo contrató, el abogado solo tiene que informar: (1) el número del letrado en el *Registro Único de Abogados y Abogadas de Puerto Rico* (RUA);(2) el número de teléfono y fax; (3) la dirección postal y física; y (4) la dirección de correo electrónico. En síntesis, para comparecer por una parte, la norma procesal sólo solicita la información que, conforme la

---

[26] <u>Blanco Matos v. Colón Mulero</u>, 200 DPR 398, 420–21 (2018). (citas omitidas).

[27] *In re Hernández Rosario,* 170 DPR 103, 119 (2007); *In re Franco Rivera*, 169 DPR 237, 261 (2006); *Lluch v. España Service Sta.*, 117 DPR 729. 752 (1986). Véase además Canon 20. Una vez el tribunal autorice la salida, el abogado deberá entregarle a su cliente el expediente y todo documento relacionado al caso así como el deber ético de reembolsar inmediatamente el dinero pagado en honorarios por servicios no prestados.

[28] La Regla 8 de Procedimiento Civil, 32 LPRA Ap. V (2021), regula todo lo concerniente a la forma y contenido de las alegaciones y mociones. Según establece la Regla 8.8 de Procedimiento Civil, a las mociones le aplican las normas de encabezamientos, firmas y otras cuestiones de forma empleadas para las alegaciones y demás escritos.

Regla 9(j) de nuestro Reglamento, 4 LPRA XXI-B, los miembros de la profesión legal deben mantener actualizada en el RUA.

La pregunta que cabe entonces es, conforme al propio texto de la Regla 9.2, ¿qué discreción tiene un tribunal para denegar una moción asumiendo la representación legal?

La moción para asumir la representación legal es corolario al derecho de contratación que posee todo ciudadano para escoger o encomendar al abogado (o a los abogados) de su preferencia a una gestión profesional y, de estimarlo conveniente, solicitarle la renuncia.[29] La presentación presupone la orientación previa del letrado y la existencia de un acuerdo entre una persona (natural o jurídica) y el abogado.[30]

De esta forma, si bien comparecer mediante la presentación de una moción asumiendo representación legal es un acto relativamente sencillo, éste revela que, luego de intercambiar información privilegiada conducente a los intereses y derechos del cliente y evaluar las consideraciones éticas y económicas iniciales, el abogado aceptó representarlo, finiquitado el pacto con la presentación de la referida moción. Esto es esencial porque un letrado no puede comparecer como abogado de una persona que no ha consentido

---

[29] En el contexto de la figura de la descalificación, véase ORIL v. El Farmer, Inc., 204 DPR 229, 243 (2020); Job Connection Center v. Sups. Econo, 185 DPR 585, 600 esc. 5 (2012). Véase además *Otaño v. Vélez*, 141 DPR 820, 828 (1996); In re Vélez 103 DPR 590, 599 (1975).

[30] Como parte del acuerdo entre las partes, se encuentra la fijación de honorarios regulado por el Canon 24 del Código de Ética Profesional, 4 LPRA Ap. IX. Véase, Nassar Rizek v. Hernandez, 123 DPR 360, 371–372 (1989).

que asuma la representación legal en un procedimiento judicial.[31]

Cuando examinamos los requisitos para ambas mociones, salta a la vista que, el contenido de la moción para asumir la representación legal es conciso, el abogado no tiene que exponer la razón de la contratación ni requiere el cumplimiento riguroso de obligaciones que tiene que ejecutar -antes- y así acreditarlo al solicitar la autorización para renunciar. Nótese que, a pesar de que se denomina "moción" o "solicitud" para asumir la representación legal, ésta realmente es un aviso al tribunal y a las partes de que un profesional del derecho proveyó la información exigida por la Regla 9.2 para comparecer a nombre de la parte que lo contrató. Entretanto, la renuncia es una solicitud que requiere una formalidad en la ejecución y acreditación de las condiciones legales y que, además, para la consecución se encuentra sujeta a la discreción del tribunal. Evidentemente, contrario a la entrada de un abogado a un litigio, el cumplimiento de una combinación de varias disposiciones legales expresamente empoderan al tribunal de discreción para conceder o denegar la salida de un representante legal.

Por ello, al atender una moción para asumir la representación legal, el tribunal deberá partir de la premisa que el derecho a escoger el abogado (o los abogados) de preferencia es del cliente. Este derecho permite que el

---

[31] _In re Estevez Tristani_, 2009 TSPR 42, 175 DPR Ap. (2009).

cliente, la parte en el pleito, confíe en la competencia y diligencia del abogado. El cliente descansa en que el letrado probará su reclamación o será defendido de manera adecuada en la demanda presentada en su contra. Igualmente, la comparecencia del abogado puede representar para el cliente un apoyo o refuerzo adicional junto con otro letrado que conste en el récord del tribunal.[32]

Ante lo esbozado, milita en contra de la restricción a la concesión de la moción para asumir la representación legal el propio texto del primer párrafo en contraposición con las condiciones para renunciar que impone el segundo párrafo de la Regla 9.2 de Procedimiento Civil, la Regla 19 del Reglamento del TPI y el Canon 20 del Código de Ética Profesional. El análisis comparativo de los requerimientos y la naturaleza de ambas mociones nos lleva a concluir que la discreción judicial para denegar una moción para asumir la representación legal de una parte en el litigio es muy limitada o restricta.

En consideración a lo señalado, al momento de adjudicar una moción para asumir la representación legal, el tribunal examinará el cumplimiento de la moción con el contenido que exige la Regla 9.2. Si cumplió, a menos que el Tribunal conozca que el compareciente está impedido para representar a la parte (por tomar un ejemplo, que esta Curia suspendió al letrado compareciente), el tribunal notificará a las partes el

---

[32] En el contexto de la figura de la descalificación, véase ORIL v. El Farmer, Inc., *supra*, pág. 247.

reconocimiento del abogado contratado como representante legal de la parte. Y es que, contrario a los trámites para renunciar y como corolario de la libertad de escoger que posee el cliente, el letrado no tiene que exponer la justa causa o las razones para su contratación sino anunciar que es la nueva representación legal de cierta parte en el pleito. Lo anterior opera independientemente de que la parte cuente con otro abogado en el récord.[33]

### III

El trámite procesal del presente caso sufrió un atropello que, luego de los cambios a las Reglas de Procedimiento Civil, resulta inconcebible. Surge del expediente que el foro de instancia dictó *Sentencia* el 10 de enero de 2019. Al emitir la *Sentencia*, el tribunal de instancia reconoció que el pleito inició con una demanda de desahucio, sin embargo el contrato de arrendamiento firmado entre las partes era el objeto de la controversia.

A los quince días de notificado el dictamen, el día 25 de enero de 2019, el licenciado Gueits Ortiz presentó a nombre de su cliente Leaf la *Moción de reconsideración* y la *Moción asumiendo representación legal*.

De entrada, si bien el título era *Moción de reconsideración*, realmente nos encontramos que Leaf -por conducto del letrado- acumuló además una moción de determinaciones de hechos y conclusiones de derecho

---

[33] Recuérdese que en <u>ORIL v. El Farmer, Inc.</u>, *supra*, este Tribunal rechazó el razonamiento de que una parte no se afecta cuando el foro de instancia descalifica a uno de los abogados que contrató.

adicionales, según lo dispone la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V. En esencia, Leaf solicitó determinaciones adicionales relacionadas a que el contrato de arrendamiento sobre administración de la gasolinera entre Leaf y el matrimonio Simons-Díaz era el mismo que éstos firmaron con Shell (ahora SOL Puerto Rico Limited) en el 2006. Este hecho, según afirmó en la moción, afectaba las conclusiones de derecho que emitió el tribunal de instancia en la *Sentencia* toda vez que esto reflejaba que el matrimonio Simons-Díaz no tenía la autoridad legal para arrendarle a Leaf la propiedad y que, al no notificarle a Shell el asunto de la contratación, incurrieron en dolo.

Asimismo, solicitó la eliminación -por ser especulativa- de la determinación de hechos que formuló el tribunal sobre el presidente de Leaf -quien era un testigo y no parte en el pleito- respecto a que la "actitud expresada [por él] podría dar paso a que la misma fue intencional, en aras de provocar un fraude contractual".[34] Por último, señaló que ante la facultad del matrimonio Simons-Díaz de sugerir cambios al contrato de arrendamiento, era imposible que el tribunal incluyera una conclusión de derecho de que el contrato era de adhesión, según definido por el ordenamiento jurídico.

Entretanto, el 31 de enero de 2019 el matrimonio Simons-Díaz presentó la *Moción en oposición a la solicitud de*

---

[34] *Moción de reconsideración, Petición de certiorari*, Apéndice, pág. 49.

*reconsideración* para solicitar que se tomara por no puesta la moción de reconsideración que presentó Leaf porque el licenciado Gueits Ortiz era una persona ajena al caso, que no participó ni realizó gestión alguna en el litigio y que el abogado con *standing* para hacerlo era el licenciado Montañez Alvarado. Es decir, los argumentos no atacaron la especificidad de los hechos y del derecho expuesto en la titulada *Moción de reconsideración* que presentó el licenciado Gueits Ortiz a nombre de Leaf.

Sobre este particular, recordemos que el tribunal de instancia emitió 3 órdenes el 1 de marzo de 2019, pero las notificó en fechas distintas. El 7 de marzo notificó la orden respecto a la moción de reconsideración al expresar: "VEASE ORDEN DE HOY 1RO DE MARZO DE 2019". Ese mismo día declaró "CON LUGAR" la oposición a la moción de reconsideración presentada por el matrimonio Simons-Díaz cuyo argumento observamos que estaba dirigido a impugnar la comparecencia del licenciado Gueits Ortiz como representante legal de Leaf. Posteriormente, el 11 de marzo notificó la orden en la que declaró: "NO HA LUGAR. DEL EXPEDIENTE SURGE QUE EL ABOGADO DE RECORD ES EL LCDO. CARLOS MONTAÑEZ".[35]

La concesión de la oposición presentada por el matrimonio Simons-Díaz tuvo el efecto de que el tribunal de instancia no atendió los méritos de la moción de reconsideración (y de determinaciones de hechos y conclusiones de derecho adicionales) porque la parte afectada por el

---

[35] *Petición de certiorari*, Apéndice, pág. 26.

dictamen contaba con un abogado en el récord del tribunal. En cuanto a este aspecto, el foro apelativo intermedio concluyó que la moción de reconsideración de Leaf no interrumpió el término jurisdiccional para recurrir en alzada porque el tribunal de instancia no la atendió en los méritos sino que en esa *Resolución* refirió esa orden a la denegatoria de la representación legal del licenciado Gueits Ortiz. El Tribunal de Apelaciones no se percató que el foro de instancia, en vez de resolver sobre la solicitud de reconsideración que era la petición principal, realizó la determinación en la oposición a la moción de reconsideración, es decir, en la solicitud auxiliar.

El foro apelativo intermedio aludió a que Leaf debió presentar la *Apelación* el 11 de febrero de 2019 y así se declaró sin jurisdicción. Nótese que el tribunal de instancia notificó la serie de órdenes luego de transcurridos los 30 días para apelar la *Sentencia*. La reforma de la Regla 47 y nuestros pronunciamientos al respecto se realizaron precisamente para evitar la incertidumbre sobre la certeza del efecto interruptor. Por esto, es irrazonable pensar que una parte, en este caso Leaf, predijera que el tribunal de instancia no atendería los méritos de la moción de reconsideración en un término prudente cuyo resultado es la ausencia de paralización del plazo para acudir en alzada. Además de que las órdenes del foro de instancia crearon un tropiezo y una confusión en el trámite procesal y, como veremos, el efecto de conceder la oposición fue el mismo en

la medida en que el dictamen se resolvió por requisitos aislados a los establecidos en la Regla 47.

Conforme a la Regla 47 y la casuística, el tribunal debió sujetarse a la evaluación del cumplimiento de los requisitos de presentación y notificación oportuna y fundamento específico respecto a los hechos y el derecho de la moción. La regla procesal dispone que la solicitud que "no cumpla con las especificidades de esta regla será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir". La existencia de un abogado de récord no constituye uno de los requisitos de especificidad que permita u obligue al tribunal a desatender una moción de reconsideración si otro letrado que procuró comparecer por la parte realizó la presentación. Ambos foros se apartaron de los criterios de la Regla 47.

Recalcamos que Leaf es la parte afectada y, por conducto del licenciado Gueits Ortiz, ésta cumplió con los requisitos correspondientes y la moción resultó suficiente porque razonablemente cuestionó la decisión del foro primario y fundamentó los planteamientos para sostener su posición.[36] Consecuentemente, la moción de Leaf interrumpió el término para recurrir en alzada y ésta tenía, según lo hizo, hasta el 8 de abril de 2019 para presentar el recurso ante el Tribunal de Apelaciones.

Como secuela de lo anterior y como cuestión medular, la moción para asumir la representación legal que presentó el

---

[36] Morales y otros v. The Sheraton Corp., *supra*, págs. 8-9.

licenciado Gueits Ortiz cumplió con el contenido que requiere la Regla 9.2. Como analizamos, fuera de esa información, el licenciado Gueits Ortiz no tenía que, como en la renuncia, exponer las razones para la contratación ni justa causa o cumplir con condiciones para ser el abogado de Leaf. Asimismo, ante la inexistencia de una circunstancia extraordinaria que el Tribunal conociera y expusiera que constituyera un impedimento para el letrado, no procedía que el foro primario denegara la moción para asumir la representación legal.

Ahora bien, con relación a la etapa en que se encontraba el caso cuando el licenciado Gueits Ortiz presentó la moción (aviso) asumiendo representación legal, así como la moción de reconsideración y determinaciones de hechos y conclusiones de derecho adicionales, es menester añadir lo siguiente. Como ya concluimos, es claro que -al presentar la moción- el licenciado Gueits Ortiz cumplió con lo requerido para asumir la representación legal. En ese sentido, el tribunal de instancia podía unirlo con el licenciado Montañez Alvarado como representantes legales de Leaf o, en la alternativa, concederle al matrimonio Simons-Díaz un término para exponer su posición respecto a la comparecencia del licenciado Gueits Ortiz como su abogado. Sin embargo, y lamentablemente, el tribunal no optó por ninguna de estas alternativas.

Cada caso tiene su particularidad y complejidad y con esta providencia se procura evitar la posibilidad de que la parte sufra algún perjuicio o quede en un estado de indefensión sobre sus derechos e intereses que afecte el

derecho de revisión como parte del debido proceso de ley de ese cliente. Si bien en los "casos civiles el derecho a la libre selección de representación legal no es un derecho fundamental, sí es un derecho que no debe ser afectado si no existe real justificación para ello".[37]

Por último, tomar en consideración el mero hecho de que una parte cuente con un abogado de récord para conceder o no la comparecencia de otro letrado como representante legal sería un criterio contrario al principio de la solución justa, rápida y económica de las causas. La orden que denegó la comparecencia del licenciado Gueits Ortiz no consideró el derecho de Leaf para escoger el abogado (o los abogados) de su preferencia. Según analizamos, la Regla 9.2 respecto a la moción para asumir la representación legal constituye un aviso de que un abogado procura comparecer por cierta parte en el pleito y, en atención a ello, la discreción del tribunal para denegarlo es muy limitada. Por lo tanto, el tribunal no podía -sin más- declinar la participación del licenciado Gueits Ortiz en la causa de acción simplemente porque Leaf contaba con el licenciado Montañez Alvarado como representante legal en el caso. Máxime, esto es así cuando el caso pasaba a una etapa apelativa, en la que no es extraño que se una a la representación legal del caso otro abogado, tal vez con más experiencia en los procesos apelativos.

IV

---

[37] Job Connection Center v. Sups. Econo, *supra*, pág. 600; *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 670 (2000); *Sánchez Acevedo v. E.L.A.*, 125 DPR 432, 438 (1990); *In re Vélez*, *supra*.

Por los fundamentos expuestos, revocamos la determinación emitida por el Tribunal de Apelaciones y devolvemos el asunto al foro apelativo intermedio al resolver que éste posee jurisdicción para atender el recurso presentado por Leaf toda vez que la moción de reconsideración cumplió con los requisitos dispuestos en la Regla 47 e interrumpió el término para recurrir en alzada.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan Carlos Simons y otros

    Recurridos

         v.              CC-2020-99      Certiorari

Leaf Petroleum Corp. y otros

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 13 de abril de 2022.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la determinación emitida por el Tribunal de Apelaciones y devolvemos el asunto al foro apelativo intermedio al resolver que éste posee jurisdicción para atender el recurso presentado por Leaf Petroleum Corp. toda vez que la moción de reconsideración cumplió con los requisitos dispuestos en la Regla 47 e interrumpió el término para recurrir en alzada.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo